# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY<br>1299 Zurich Way<br>Schaumburg, Illinois 60196,<br><br>     *Plaintiff*<br>v.<br><br>MJF TRUCKING, LLC<br>15 Swamp Church Road<br>Reinholds, Pennsylvania 17569; and<br><br>PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY<br>2 N. Second St.<br>Harrisburg, PA 17101; and<br><br>BEARTOWN HYDRAULICS, INC.<br>6408 Division Hwy.<br>Narvon, PA 17555; and<br><br>RONALD L. ZIMMERMAN<br>6408 Division Hwy<br>Narvon, PA 17555; and<br><br>ERIE INSURANCE EXCHANGE<br>100 Erie Insurance Place<br>Erie, PA 16530; and<br><br>MICHAEL J. FREED<br>1140 Steinmetz Road<br>Denver, Pennsylvania 17517<br><br>     *Defendants,*<br>And<br><br>CAROL L. SCHWARZ<br>413 Frystown Road<br>Myerstown, Pennsylvania 17067<br><br>     *Nominal Defendant.* | CIVIL ACTION NO.<br><br><br><br><br>JURY TRIAL DEMAND |

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

AND NOW COMES the plaintiff, ZURICH AMERICAN INSURANCE COMPANY ("Zurich"), by and through its attorneys, Bodell Bove, LLC, to file this Complaint for declaratory and other relief as against the above captioned defendants, and in support thereof, avers as follows:

## INTRODUCTION

1. This insurance coverage matter arises out of a motor vehicle accident which occurred on August 23, 2017 on State Route 61 in Tilden Township, Berks County, Pennsylvania (the "Accident").

2. The Accident involved a motorcycle operated by Zachary Schwarz which came into contact with a 2005 Ford F350 pickup truck operated by Ronald L. Zimmerman and which, at the time, was towing a 2004 Champion Classic Trailer. Mr. Schwarz died as a result of the injuries he sustained in the Accident.

3. At the time of the Accident, the 2005 Ford F350 pickup truck was owned by Michael J. Freed, and the 2004 Champion Classic Trailer was owned by Mr. Freed's company, MJF Trucking, LLC.

4. At the time of the Accident, Mr. Zimmerman was operating the 2005 Ford F350 pickup and the 2004 Champion Classic Trailer with the permission of Mr. Freed.

5. As a consequence of the Accident, nominal defendant, Carole L. Schwarz, in her capacity as the Administrator of the Estate of Zachary T. Schwarz, filed suit against Ronald L. Zimmerman and his company, Beartown Hydraulics, Inc., and against Michael J. Freed and his company, MJF Trucking, LLC, styled *Carol L. Schwarz, Administrator of the Estate of Zachary T. Schwarz, deceased v. Ronald L. Zimmerman, Beartown Hydraulics,*

*Inc., Michael J. Freed, and MJF Trucking, LLC*, Court of Common Pleas of Berks County, No. 19-15311 (the "*Schwarz* Litigation").

6. Plaintiff herein, Zurich American Insurance Company ("Zurich"), issued a motor carrier policy to MJF Trucking, LLC which affords liability coverage for specific scheduled autos and was in effect at the time of the Accident.

7. Neither the 2005 Ford F350 pickup truck nor the 2004 Champion Classic Trailer are insured for liability coverage under the Zurich motor carrier policy issued to MJF Trucking, LLC.

8. Consequently, Zurich seeks a judicial declaration that it has no insuring obligation in favor of any of the defendants named in the *Schwarz* Litigation under the Zurich motor carrier policy issued to MJF Trucking, LLC.

## THE PARTIES

9. Plaintiff, Zurich American Insurance Company ("Zurich"), is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  It is authorized to transact business and has transacted business in the Commonwealth of Pennsylvania and in this federal judicial district.

10. Zurich is a citizen of the State of Illinois and the State of New York.

11. Defendant MJF Trucking, LLC ("MJF Trucking") is, upon information and belief, a Pennsylvania limited liability company with its principal place of business at the above captioned address in Lancaster County, Pennsylvania.

12. The limited liability members of MJF Trucking are, upon information and belief, citizens of the Commonwealth of Pennsylvania and/or a state or states other than New York or Illinois.

13. MJF Trucking is in the business of hauling crushed stone from local quarries to its customers.

14. Defendant, Pennsylvania National Mutual Casualty Insurance Company ("Penn National") is, upon information and belief, a Pennsylvania corporation engaged in the insurance business with its principal place of business located at the above captioned address in Harrisburg, Pennsylvania. Penn National is, upon information and belief, authorized to transact business and has transacted business in the Commonwealth of Pennsylvania and in this federal judicial district.

15. Penn National is, upon information and belief, a citizen of the Commonwealth of Pennsylvania and/or a state other than New York or Illinois.

16. Penn National, at the time of the Accident, provided liability coverage to its policyholder, Beartown Hydraulics Inc., and other qualifying insureds relative to the claims in the *Schwarz* Litigation under Commercial Automobile Insurance Policy No. AU90063387, effective September 12, 2016 to September 12, 2017 (the "Penn National Policy").

17. Defendant, Beartown Hydraulics, Inc. ("Beartown Hydraulics") is, upon information and belief, a Pennsylvania corporation with its principal place of business located at the above captioned address in Lancaster, Pennsylvania.

18. Beartown Hydraulics is, upon information and belief, is a citizen of the Commonwealth of Pennsylvania and/or a state other than New York or Illinois.

19. Ronald L. Zimmerman ("Zimmerman") is an adult individual who, upon information and belief, resides or may be served at the above captioned address, and is a citizen of the Commonwealth of Pennsylvania.

20. Zimmerman is the principal or owner of Beartown Hydraulics.

21. Michael J. Freed ("Freed") is an adult individual who, upon information and belief, resides or may be served at the above captioned address, and is a citizen of the Commonwealth of Pennsylvania.

22. Freed is the principal or owner of MJF Trucking.

23. Defendant, Erie Insurance Exchange ("Erie") is, upon information and belief, a Pennsylvania corporation or other business entity engaged in the insurance business with its principal place of business located at the above captioned address in Erie, Pennsylvania. Erie is, upon information and belief, authorized to transact business and has transacted business in the Commonwealth of Pennsylvania and in this federal judicial district.

24. Erie is, upon information and belief, a citizen of the Commonwealth of Pennsylvania and/or a state other than New York or Illinois.

25. Erie, at the time of the Accident, provided liability coverage to its policyholder, Freed, and other qualifying insureds relative to the claims *Schwarz* Litigation under a personal lines Auto Liability Insurance Policy No. Q10 0111354, effective October 1, 2016 to October 1, 2017 (the "Erie Policy").

26. Nominal defendant, Carol L. Schwarz ("Schwarz"), is an adult individual who resides or may be served at the above captioned address in Berk County, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.

27. Schwarz is the administrator of the Estate of Zachary T. Schwarz, and the plaintiff in the *Schwarz* Litigation. No claim is being advanced against Schwarz in this action, and she is named as an interested party only so that she has an opportunity to be heard on any issues arising in this matter and is bound by any judgment which may be entered in this action.

## JURISDICTION AND VENUE

28. This court has original subject matter jurisdiction under 28 U.S.C. §1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

29. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391 because, *inter alia*, a substantial part of the events or omissions giving rise to the claim, including the insurance business transactions at issue in this case and the underlying proceedings which give rise to this coverage dispute, occurred within this District, and additionally because the defendants reside in this District, with all of the defendants residing in the Commonwealth of Pennsylvania.

## FACTS

A. **THE ACCIDENT**

30. This insurance coverage matter arises out of a motor vehicle accident which occurred on August 23, 2017 on State Route 61 in Tilden Township, Berks County, Pennsylvania (as noted *supra*, the "Accident"). A true and correct copy of the Commonwealth of Pennsylvania Police Crash Report ("Police Report") is attached hereto at **Exhibit "A"**.

31. The Accident involved a motorcycle being operated by Zachary Schwarz which came into contact with a 2005 Ford F350 pickup truck operated by Zimmerman and which, at the time, was towing a 2004 Champion Classic Trailer. *Ibid.*

32. Mr. Schwarz died as a result of the injuries he sustained in the Accident.

33. At the time of the Accident, the 2005 Ford F350 pickup truck bearing VIN # 1FTWF30535EA76229 was owned by Freed, registered at his home address located at 1140 Steinmetz Rd., Denver, PA, and insured under the Erie Policy as a schedule auto. *Ibid.*; and see Erie Policy, attached hereto at **Exhibit "B"**, at "Your Auto Policy Declarations".

34. At the time of the Accident, the 2004 Champion Classic Trailer bearing VIN # 10WRT322X4W038173 was owned by MJF. See Police Report.

35. The 2004 Champion Classic Trailer has a load capacity in excess of 2,000 pounds. See Photo of the 2004 Champion Classic Trailer, attached at **Exhibit "C"**.

36. At the time of the Accident, Zimmerman was operating the 2005 Ford F350 pickup and the 2004 Champion Classic Trailer with the permission of Mr. Freed.

**B.   THE *SCHWARZ* LITIGATION**

37. As a consequence of the Accident, Schwarz, in her capacity as the Administrator of the Estate of Zachary T. Schwarz, filed suit against Zimmerman and his company, Beartown Hydraulics, and against Freed and his company, MJF Trucking, styled *Carol L. Schwarz, Administrator of the Estate of Zachary T. Schwarz, deceased v. Ronald L. Zimmerman, Beartown Hydraulics, Inc., Michael J. Freed, and MJF Trucking, LLC*, Court of Common Pleas of Berks County, No. 19-15311 (as noted *supra*, the "*Schwarz*

7

Litigation"). A true and correct copy of the complaint filed in the *Schwarz* Litigation is attached hereto at **Exhibit "D"**.

38. In the *Schwarz* Litigation, Schwarz alleges that Zimmerman, Beartown Hydraulics, Freed, and MJF Trucking were causally at fault for the Accident.

39. Zimmerman, Beartown Hydraulics, Freed, and MJF Trucking, upon information and belief, deny all liability for the Accident.

40. Erie, upon information and belief, assumed the defense of Freed, Zimmerman, and Beartown Hydraulics in the *Schwarz* Litigation under the Erie Policy.

41. Penn National, upon information and belief, has acknowledged coverage for Zimmerman and Beartown Hydraulics, on an excess basis, for the claims advanced against them in the *Schwarz* Litigation under the Penn National Policy, a true and correct copy of which is attached hereto as **Exhibit "E"**.

42. In fact, upon information and belief, Erie and Penn National have each tendered the respective limits of the Erie Policy and the Penn National Policy on behalf of their respective insureds.

43. Penn National and Erie have refused to provide a defense to MJF Trucking or indemnify MJF Trucking in the *Schwarz* Litigation.

C.   **THE ZURICH POLICY**

44. Zurich issued a certain motor carrier insurance policy to MJF, identified more specifically as Zurich American Insurance Company Policy No. PRA 8998381-04, effective November 21, 2016 to November 21, 2017 (the "Zurich Policy"). A true and correct copy of the Zurich Policy is attached hereto as **Exhibit "F"**.

45. The Zurich Policy identifies MJF Trucking as the Named Insured.  See Zurich Policy at Motor Carrier Declarations.

46. Throughout the Zurich Policy, the terms "you" and "your" refer to the Named Insured, MJF Trucking, and the terms "we", "us", and "our" refer to the underwriter, Zurich.  *Id.* at Motor Carrier Coverage Form (CA 0020 (10/13)), preamble.

47. The insuring agreement under the Zurich Policy affords liability coverage for certain qualifying "insureds" for accidents resulting from the ownership, maintenance or use of a covered "auto" under the following insuring grant:

    SECTION II – COVERED AUTOS LIABILITY COVERAGE

    A. Coverage

    > We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

    Zurich Policy at Motor Carrier Coverage Form (CA 0020 (10/13)), Section II.

48. Item Two of the Motor Carrier Declarations shows the "autos" that are covered "autos" for liability coverage under the Zurich Policy.  Zurich Policy at Motor Carrier Coverage Form (CA 0020 (10/13)), Section I., and Motor Carrier Declarations.

49. Item Two of the Motor Carrier Declarations to the Zurich Policy identifies Symbol 67 for "Covered Autos Liability".  Zurich Policy at Motor Carrier Declarations, Item Two.

50. Covered "autos" Symbol 67 is defined as only those "autos" described in Item Three of the Motor Carrier Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three):

SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

Zurich Policy at Motor Carrier Coverage Form (CA 0020 (10/13)), Section I., Item A.

51. Item Three of the Motor Carrier Declarations to the Zurich Policy describes eight (8) covered "autos". Zurich Policy at Motor Carrier Declarations, Item Three (identifying Covered "Autos" PA-1 through PA-8).

52. The 2005 Ford F350 pickup truck bearing VIN # 1FTWF30535EA76229 implicated in the Accident and scheduled under the Erie Policy is <u>not</u> one of the covered "autos" described in Item Three of the Motor Carrier Declarations to the Zurich Policy.

53. Consequently, the 2005 Ford F350 pickup truck bearing VIN # 1FTWF30535EA76229 implicated in the Accident is not a Symbol 67 covered "auto" under the Zurich Policy.

54. The 2004 Champion Classic Trailer implicated in the Accident is <u>not</u> one of the covered "autos" described in Item Three of the Motor Carrier Declarations to the Zurich Policy.

55. The 2004 Champion Classic Trailer *is* a trailer MJF owned at the time of the Accident.

56. Consequently, the 2004 Champion Classic Trailer implicated in the Accident is not a Symbol 67 covered "auto" under the Zurich Policy.

57. The Zurich Policy also deems trailers, with a load capacity less than 2000 pounds, as covered "autos":

> C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos
>
> If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:
>
> 1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

Zurich Policy at Motor Carrier Coverage Form (CA 0020 (10/13)), Section I., Item C.

58. The 2004 Champion Classic Trailer implicated in the Accident has a load capacity greater than 2000 pounds.

59. Hence, the 2004 Champion Classic Trailer implicated in the Accident does not qualify as a covered "auto" under the Motor Carrier Coverage Form (CA 0020 (10/13)), Section I., Item C. of the Zurich Policy.

## CASE AND CONTROVERSY

60. Pennsylvania law dictates that where an insurer may be uncertain about coverage, then it should provide a defense and seek declaratory judgment about coverage. *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 606 Pa. 584, 611, 2 A.3d 526, 542 (2010).

61. Zurich provided a defense to MJF Trucking in the *Schwarz* Litigation under a reservation of rights including, specifically, the right to deny coverage if it is determined coverage did not apply to any vehicle involved in the Accident, consistent with the Pennsylvania Supreme Court's pronouncement in *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, supra.

62. Penn National, on behalf of its insureds, Zimmerman and Beartown Hydraulics, has advanced a claim for coverage under the Zurich Policy contending that Zurich provides "primary coverage" for Zimmerman and Beartown Hydraulics together with Erie.

63. Upon information and belief, one or more of the defendants named herein, inclusive of the nominal defendant, Schwarz, take the position that Zurich has an insuring obligation in favor of MJF Trucking, and perhaps other defendants in the *Schwarz* Litigation.

64. In fact, a demand for indemnity has been advanced under the Zurich Policy in the *Schwarz* Litigation.

65. Zurich contests that it has any further insuring obligation relative to the *Schwarz* Litigation for the reasons principally set forth *supra*; specifically, that the Accident did not result from the ownership, maintenance or use of a covered "auto" within the scope of the liability coverage under the Zurich Policy.

66. Zurich maintains that it has no insuring obligation relative to the *Schwarz* Litigation for any of the defendants named therein.

67. A dispute has arisen between Zurich, on the one hand, and the parties to the *Schwarz* Litigation, on the other hand, as to whether Zurich has any continuing obligation to defend or indemnify MJF or any other defendant in the *Schwarz* Litigation under the Zurich Policy.

68. Consequently, an actual case and controversy has arisen with respect to the duties and obligations, if any, Zurich may have to defend or indemnify any adverse judgment or settlement of the claims the *Schwarz* Litigation.

## COUNT I
### DECLARATORY RELIEF
**(No Defense or Indemnity Obligation)**

69. Plaintiff, Zurich American Insurance Company, incorporates by reference the foregoing allegations of this Complaint as if the same were set forth herein at length.

70. Under the plain and unambiguous terms of the Zurich Policy, as hereinabove stated, the motor vehicles allegedly owned or operated by the defendants in the *Schwarz* Litigation do not qualify as covered "autos" under the Zurich Policy.

71. The insuring agreement under the Zurich Policy only affords liability coverage for certain qualifying "insureds" for accidents resulting from the ownership, maintenance or use of a covered "auto" as set forth in the following insuring grant:

    SECTION II – COVERED AUTOS LIABILITY COVERAGE

    A. Coverage

    We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

    Zurich Policy at Motor Carrier Coverage Form (CA 0020 (10/13)), Section II.

72. The Accident did not result from the ownership, maintenance or use of a covered "auto" as defined in the Zurich Policy.

73. Consequently, Zurich has no insuring obligation under the Zurich Policy relative the claims advanced in the *Schwarz* Litigation.

74. Coverage for the defendant named in the *Schwarz* Litigation is otherwise barred by the terms, limitations, conditions precedent, and exclusions applicable to the Zurich Policy, all of which are incorporated herein by reference.

75. For each of these reasons, Zurich has no duty to defend or indemnify MJF Trucking or any other defendant in the *Schwarz* Litigation under the Zurich Policy.

**WHEREFORE**, Zurich American Insurance Company respectfully requests that this Honorable Court enter:

(a) An Order declaring that Zurich American Insurance Company has no insuring obligation, inclusive of defense or indemnity, in favor of MJF Trucking, LLC, Beartown Hydraulics, Inc., Ronald L. Zimmerman, or Michael J. Freed in the civil action styled, *Carol L. Schwarz, Administrator of the Estate of Zachary T. Schwarz, deceased v. Ronald L. Zimmerman, Beartown Hydraulics, Inc., Michael J. Freed, and MJF Trucking, LLC*, Court of Common Pleas of Berks County, No. 19-15311 under Zurich American Insurance Company Policy No. PRA 8998381-04; and

(b) An order and/or judgment for such other or alternative relief consistent with the claims and causes asserted in this Complaint or as the Court may deem just and proper under the circumstances.

Respectfully Submitted,

By: /s/ Louis A. Bové
LOUIS A. BOVÉ, ESQUIRE
PA BAR I.D. NO. 53071
BODELL BOVE, LLC
1845 Walnut Street, 11th Fl., Suite 1100
Philadelphia, PA 19103
Tel: (215) 864-6600
Facsimile: (215) 864-6610
lbove@bodellbove.com
*Attorneys for Plaintiff,*
*Zurich American Insurance Company*

Date: March 29, 2022