IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, : | |
|     Plaintiff, : | |
| : | |
| v. : | Civil No. 5:22-cv-01194-JMG |
| : | |
| MJF TRUCKING, LLC, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                    **July 25, 2022**

**I.     OVERVIEW**

Zachary Schwarz was in a fatal motorcycle accident with Ronald Zimmerman. At the time of the accident, Zimmerman was driving a truck and towing a trailer owned respectively by his friend, Michael Freed, and his friend's company, MJF Trucking. Since the accident, Schwarz's estate, Freed, MJF Trucking, Zimmerman, and a company owned by Zimmerman have been involved in litigation in Pennsylvania state court.

Zurich American Insurance Company insures some of the vehicles owned by MJF Trucking. Zurich has been paying for MJF Trucking's defense in the state court proceeding. Zurich has now filed this declaratory judgment action asking this Court to determine whether Zurich in fact has any obligation to continue defending or to indemnify MJF Trucking under its insurance policy.

Schwarz, joined in this case as a nominal defendant, has moved to dismiss this action. For reasons that follow, the motion will be denied.

## II. BACKGROUND

This case arises out of a motor vehicle accident in Berks County, Pennsylvania. Am. Compl. ¶ 1 (ECF No. 12). Zachary Schwarz collided with Ronald Zimmerman. *Id*. at ¶ 2. Zimmerman was driving a pickup truck that was towing a trailer. *Id*. Michael Freed owned the pickup truck and Freed's company, MJF Trucking ("MJF"), owned the trailer. *Id*. ¶ 3. Zimmerman was operating the pickup and trailer with Freed's permission. *Id* ¶ 4.

Following the accident, Carol Schwarz, the administrator of Zachary Schwarz's estate, filed suit against Freed and MJF as well as Zimmerman and Zimmerman's company in state court. *Id.* ¶ 5. Zurich is an insurance company that has a policy with MJF. *Id*. at ¶ 6. Zurich alleges that neither the truck nor the trailer are insured in the express terms of the insurance policy that Zurich issued to MJF. *Id.* at ¶ 7.

Zurich has filed this action for declaratory judgment seeking an order that Zurich has no insuring obligation in favor of the defendants in the underlying tort action. *Id.* at 13 ¶ (a). Schwarz has moved to dismiss Zurich's declaratory judgment action, asking this Court to abstain from exercising jurisdiction and to dismiss the Complaint for failure to state a claim. Motion to Dismiss Am. Compl. at 15 (ECF No. 16). Defendant's motion to dismiss is presently before the Court.

## III. LEGAL STANDARD

The Declaratory Judgment Act allows district courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Jurisdiction under the Declaratory Judgment Act is "discretionary, rather than compulsory." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir., 2014) (citing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942)). When determining

2

whether to exercise jurisdiction under the Declaratory Judgment Act, federal courts must consider a variety of factors discussed further below.

A motion to dismiss for failure to state a claim challenges a pleading's factual sufficiency. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when the pleading alleges enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim's necessary elements. *Walker v. Coffey*, 956 F.3d 163, 166 (3d Cir. 2020). When evaluating a complaint's plausibility, courts generally consider only "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Courts may also consider an "undisputedly authentic document" attached to a motion to dismiss but only if the plaintiff's claims are based upon that document. *Id.*

### IV.  ANALYSIS

Defendant requests abstention under the Declaratory Judgment Act or a dismissal for failure to state a claim. The Court will address Defendant's abstention arguments first and then turn to Defendant's arguments for dismissal.

#### a.  Abstention Pursuant to the Declaratory Judgment Act

When determining whether to exercise jurisdiction under the Declaratory Judgment Act, "[c]ourts should first determine whether there is a 'parallel state proceeding.'" *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017) (quoting *Reifer*, 751 F.3d at 143, 146). "[T]he absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction." *Reifer*, 751 F.3d at 144. The Court must also consider the *Reifer* factors to the extent

they are relevant. *Id*. at 146. The *Reifer* factors include: "(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court; (6) avoidance of duplicative litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion." *Id*.

Taken together, the absence of a parallel state proceeding and the *Reifer* factors do not weigh in favor of abstention in this matter.

### i. The Existence of a Parallel State Proceeding

"A parallel state proceeding is a pending matter involving the same parties and presenting the opportunity for ventilation of the same state law issues." *Kelly*, 868 F.3d at 284 (internal quotation marks and brackets omitted). A court should not abstain from jurisdiction in a declaratory judgment action simply on the ground that another suit is pending when the controversy between the parties will not necessarily be determined in that suit. *Maryland Cas. Co. v. Consumers Fin. Serv. of Pennsylvania*, 101 F.2d 514, 515 (3d Cir. 1938).

While the case before this Court *relates* to a currently pending state court proceeding, it is not *parallel* to that state court proceeding. Here, the underlying state court proceeding is a wrongful death and survival action. Zurich is not a party to that proceeding—instead, Zurich is merely the insurer of a party to that proceeding. Nor will the state court proceeding ventilate the issues presented by this declaratory judgment action. The state court proceeding is exclusively focused

4

on determining liability for Zimmerman's death. By contrast, this declaratory judgment action is exclusively focused on whether Zurich has an obligation to defend or indemnify any of the defendants involved in the state court proceeding under the terms of its insurance policy. There is no reason to believe the state court proceeding will at any point require an interpretation of Zurich's insurance policy.

Because Zurich is not a party in the state court proceeding and the issue of Zurich's obligation to Defendants will not be addressed in that state court proceeding, the proceeding is not a "parallel" state proceeding that would weigh towards abstention. *See Kelly*, 868 F.3d at 287 (concluding state court tort suit was not parallel where the insurance company seeking declaratory judgment was not a party to the state court tort suit and the issue of insurance coverage was not necessary to resolve the issue of liability raised in the state court tort suit); *see also Maryland Cas. Co.*, 101 F.2d at 515-516 (same).[1]

### ii. Reifer Factors

The *Reifer* factors militate against abstention as well.

The first factor is the likelihood a federal court declaration will resolve the uncertainty of obligation that gave rise to the controversy. The uncertainty giving rise to this declaratory

---

[1] Defendant cites *Esurance Insurance Company v. Bowser* as an example of an underlying state tort suit qualifying as a parallel proceeding to a federal declaratory judgment action. However *Bowser* is irrelevant. In *Bowser*, a district court did find that an underlying state court tort action was a "parallel proceeding" to which it should defer. But the Third Circuit did not affirm this particular finding on appeal. After the appeal had been filed, the insurance company in *Bowser* filed a declaratory judgment action in state court. Because a declaratory judgment action had been filed in state court, the Third Circuit found it unnecessary to determine whether the state tort action was "parallel" to the federal declaratory judgment action. The state court declaratory judgment action was undeniably "parallel" to the federal declaratory judgment action, and the Third Circuit affirmed on that basis alone. 710 Fed.Appx. 110 (3d Cir. 2018).
Here, Zurich has not filed a declaratory judgment action in state court, so the decision reached by the Third Circuit in *Bowser* is irrelevant.

judgment action is uncertainty about how to interpret the insurance policy between Zurich and MJF. A declaratory judgment interpreting that insurance policy will necessarily resolve this uncertainty and completely terminate the controversy between Zurich and Defendants.

The second factor is the convenience of the parties. Here, the underlying tort action is taking place in Berks County Court of Common Pleas with a trial scheduled for November 2022. Because trial is about five months away, the parties may be inconvenienced if this declaratory judgment action results in a judgment that Zurich need not continue paying for MJF's defense. In terms of location, however, the parties will not be inconvenienced in litigating this declaratory judgment action in the Eastern District of Pennsylvania because they are already litigating the state court action in Berks County, which is within the Eastern District of Pennsylvania. Accordingly, this factor provides only a small amount of support for abstention.

The third factor is the public interest in settlement of the uncertainty of obligation. Schwarz cites *State Auto Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2000) and *Atlantic Mutual Insurance Company v. Gula*, 84 Fed.Appx. 173 (3d Cir. 2003), to argue that this Court "should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." 84 Fed.Appx. at 174 (citing *Summy*, 234 F.3d at 134-135). However, *Summy* emphasizes that the federal courts should hesitate in "exercising jurisdiction over declaratory judgment actions when the state law involved is *close or unsettled*." *Summy*, 234 F.3d at 135 (emphasis added). There is nothing novel or unsettled about the contract interpretation or insurance law issues that are raised in this declaratory judgment action. Accordingly, this factor does not support abstention. *See DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192 (3d Cir. 2021) (finding New Jersey insurance law settled enough to allow the federal courts to hear declaratory judgment actions).

The fourth factor is the availability and relative convenience of other remedies. There are theoretically other remedies available to Zurich, such as declaratory judgment obtained from state court pursuant to Pennsylvania law. *See* 42 Pa. C.S. § 7532. But there is no indication that a state court declaratory judgment would be more convenient than a federal court declaratory judgment sought in the same geographic area. Accordingly, this factor lends little support to abstention.

The fifth factor is a general policy of restraint when the same issues are pending in a state court. The underlying tort action in state court does not raise the same issues as are before this Court, so this factor lends no support to abstention.

The sixth factor is the avoidance of duplicative litigation. There is no duplicative litigation currently pending so this factor lends no support to abstention.

The seventh factor is the prevention of the use of the declaratory action as a method of procedural fencing or as a means to obtain another forum in a race for *res judicata*. But the issues presented in this declaratory judgment action are not currently pending before any other court, so the decision reached in this case is unlikely to have any preclusive effect on any other court's proceedings. Accordingly, this factor does not support abstention.

The eighth factor, specific to the insurance context, considers whether exercising jurisdiction over the declaratory judgment action would permit an insurer to take inconsistent positions in state and federal court to the insured's detriment. It would be inappropriate, for example, to permit an insurer to prove facts in a federal declaratory judgment action to establish a policy exclusion when those same facts would necessarily result in the insured being found liable in an underlying state court proceeding. *Allstate Ins. Co. v. Harris*, 445 F. Supp. 847, 851 (N.D. Cal. 1978).

Here, there is no inconsistency between Zurich's position in state and federal court. Zurich does not seek to prove facts in this declaratory judgment action that would result in MJF being found liable in the state court proceeding. Instead, Zurich is merely taking the position that the vehicle involved in the accident is not covered by Zurich's insurance policy. Because there is no danger that Zurich will take positions in this case that would be detrimental to the insured on the merits of the state court proceeding, this factor does not weigh against exercising jurisdiction.

In sum, there is no parallel state proceeding, and the *Reifer* factors provide little to no additional support for abstention. Accordingly, the Court will exercise jurisdiction over Zurich's declaratory judgment action.

### b. Failure to State a Claim

Schwarz's other basis for its motion to dismiss is that Zurich failed to state a claim. First, Schwarz argues that Zurich failed to timely assert a reservation of rights to MJF and that, even if a reservation of rights was timely asserted, Zurich rescinded that reservation of rights when an attorney hired by Zurich to represent MJF responded to an interrogatory on behalf of MJF in the state court proceeding denying that a reservation of rights had been issued. Schwarz also argues that the federal and Pennsylvania law require Zurich's policy to cover MJF's trailer regardless of the policy's express terms. The Court finds none of these arguments persuasive.

### i. Reservation of Rights

Zurich has plead that it delivered a reservation of rights to MJF two days after Zurich was served with the Complaint in the underlying state court action. Am. Compl. ¶ 59, Exh. G. Since this case is at the motion to dismiss stage, the Court must credit this allegation as true. Accordingly, the Court cannot dismiss Zurich's complaint on the basis that Zurich has waived its defense to coverage. *See Brugnoli v. United Nat. Ins. Co.*, 284 Pa. Super. 511, 518 (Pa. Super. 1981) (holding

8

that an insurer does not waive a defense to coverage when the insurer timely issues a reservation of rights).

Schwarz resists this conclusion by arguing that, if Zurich did issue a reservation of rights, then that reservation of rights was rescinded when MJF's lawyer responded to an interrogatory in the underlying state tort action and failed to mention the reservation of rights. In making this argument, however, Schwarz relies on information that is outside the four corners of the Complaint. Zurich does not base its declaratory judgment action upon this information, so the Court cannot consider it at this stage of the litigation. *Cf. Pension Ben. Guar. Corp.*, 998 F.2d at 1196 (finding it appropriate to look beyond the four corners of the complaint only to consider a purchase and sale agreement from which the plaintiff's claims allegedly arose). The Court sees no reason to consider information outside the four corners of the Complaint in this case, especially when that information comes from a non-binding discovery response filed in a different suit by a different party that has no authority to speak on behalf of Zurich.

    ii. **Federal and Pennsylvania Insurance Requirements**

Schwarz also argues that federal and Pennsylvania law require Zurich's insurance policy to cover the accident. Specifically, Schwarz argues that Form MCS-90, which is an insurance policy endorsement mandated by the Federal Motor Carrier Act of 1980, and an order of the Pennsylvania Public Utility Commission require Zurich to cover MJF for the accident. But the Court cannot agree based on the limited information available at this stage in the litigation.

The Form MCS-90 requires an insurer to provide coverage for liability resulting from the "operation . . . of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980." *See* Form MCS-90, ECF No. 16-6. In the time since the Motor Carrier Act was enacted, the Act has been amended and reorganized. Sections 29 and 30 of

the Motor Carrier Act are now codified at 49 U.S.C. § 31139. In their current form, Sections 29 and 30 of the Motor Carrier Act apply only to the "transportation of property by motor carrier or motor private carrier." 49 U.S.C. § 31139(b). A motor carrier is "a person providing motor vehicle transportation *for compensation*," 49 U.S.C. § 13102(14) (emphasis added), and a motor private carrier is "a person, other than a motor carrier, transporting property by motor vehicle when . . . the property is being transported for *sale, lease, rent, or bailment or to further a commercial enterprise*," 49 U.S.C. § 13102(15) (emphasis added).

A plain reading of the Form MCS-90 and the statute makes clear that the endorsement covers a vehicle only when the vehicle is being used in the course of the owner's commercial purpose. Here, there are no allegations in Zurich's Complaint suggesting that MJF or Freed received compensation or commercial benefit for permitting Zimmerman to use the truck and trailer. Since it is not clear from the face of the Complaint that the Form MCS-90 applies to this case, it would be inappropriate for the Court to dismiss the Complaint for failure to state a claim.

The Court encounters the same difficulty with the Pennsylvania Public Utility Commission's order. The Pennsylvania Public Utility Commission has determined that Pennsylvania statutes and regulations require an insurer to cover "each and every vehicle used by a motor carrier in its authorized service." *Insurance Coverage Requirements for Motor Carriers*, Declaratory Order, 2005 WL 1876133 (Pa. P.U.C. filed May 23, 2005). Under the Public Utility Commission's regulations, a motor carrier is "a common or contract carrier by motor vehicle." 52 Pa. Code § 21.1. An entity is only a "common carrier by motor vehicle" or a "contract carrier by motor vehicle" when it offers a service "for compensation." 66 Pa. C.S. §§ 102, 2501(b). Like the Form MCS-90, then, the Pennsylvania Public Utility Commission's order applies only to a motor carrier's vehicles when they are being used in the course of the owner's commercial purpose. Since

it is not clear from the face of the Complaint that MJF or Freed received compensation or commercial benefit for lending the truck and trailer to Zimmerman, it is unclear whether the Public Utility Commission's order would have any bearing on the coverage of those vehicles, so it would be inappropriate to dismiss this action because of the Public Utility Commission's order at this time.

V. **CONCLUSION**

For the foregoing reasons, Defendant Schwarz's motion is denied. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge